UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION                           MASTER FILE NO. 12-md-02311

_____

In Re: Electronic Powered                      HON. MARIANNE O. BATTANI
Steering Assemblies

_____

THIS DOCUMENT RELATES TO:

Direct Purchaser Actions                       13-01901

_____/

**OPINION AND ORDER GRANTING JOINT MOTION TO DISMISS
DIRECT PURCHASER PLAINTIFFS' CLASS ACTION COMPLAINT**

Before the Court is Electronic Powered Steering Assemblies ("EPSA") Defendants' Joint Motion to Dismiss Direct Purchasers' ("DPPs") Complaint (Doc. No. 19). EPSA Defendants, three Japanese companies and their United States subsidiaries, assert that the Class Action Complaint fails to state a claim on two grounds: the sole named Plaintiff, Saratoga Lane, LLC lacks standing; and the claims are time-barred. Although EPSA Defendants requested oral argument on the motion, and the Court scheduled argument, after reviewing all the relevant filings, the Court finds oral argument is not needed. See E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion is **GRANTED**.  **HEARING SCHEDULED FOR JULY 26, 2017 IS CANCELLED.**

## I. INTRODUCTION AND FACTUAL ALLEGATIONS

Plaintiff Saratoga Lane LLC, ("Saratoga Lane") filed a class action on behalf of a proposed class of direct purchasers against Defendants, manufacturers or sellers of EPSAs that are manufactured or sold in the United States.  Saratoga Lane advances claims under Section 1 of the Sherman Act.  In the proposed class action, DPPs allege that Defendants engaged in a conspiracy, from "as early as January 2005 to September 2012," to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the prices of Electronic Powered Steering Assemblies (Doc. No. 1 ¶¶ 1, 4).  Electronic Powered Steering Assemblies are automotive components used to link the steering wheel to the wheels of the automobile.  (Id. ¶ 3).

Defendants include JTEKT Corporation, JTEKT Automotive North America, Inc., Showa Corporation, American Showa, Inc., Yamada Manufacturing Co., Ltd., and Yamada North America, Inc.  (Id. ¶¶ 11-16).  These Defendant groups have all pleaded guilty in criminal actions to antitrust violations (Id. ¶¶ 61, 62, 64).

Paragraph 10 of the Class Action Complaint advances allegations regarding the relationship between Saratoga Lane and its predecessor in interest, Collins & Aikman Corporation ("C&A").

> Plaintiff Saratoga Lane LLC ("Plaintiff") is an Illinois limited liability company with its principal place of business in Illinois. Plaintiff is successor in interest to certain assets of the Collins & Aikman Post-Consummation Trust of Collins & Aikman Corporation and its related debtor entities, including Collins & Aikman Products Co. ("Collins & Aikman"), which was a Michigan corporation with its principal place of business in Michigan. Collins & Aikman purchased Electric Powered

>Steering Assemblies directly from Defendants or their co-conspirators during the Class Period.

(Doc. No. 1 ¶ 10).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, "'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## III.  ANALYSIS

In every federal case, Article III standing to pursue a claim is a threshold issue

3

inasmuch as it is "an essential and unchanging part of the case-or-controversy requirement of Article III" of the Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). To demonstrate Article III standing, a plaintiff must first allege that he has suffered an injury that is (a) "concrete and particularized [ ] and (b) actual or imminent," rather than "conjectural or hypothetical." Lujan, 504 U.S. at 560 (citations omitted). Second, the alleged injury must be "fairly traceable" to the defendant's conduct, "and not the result of the independent action of a third party not before the court." Id. Third, the plaintiff must allege that a favorable federal court decision is likely to redress the alleged injury. Id. at 561.

The parties disagree as to whether the allegations in Paragraph 10 of the Class Action Complaint ("CAC") are sufficient to plead a basis for Article III standing in an antitrust case. Defendants' position rests entirely on Paragraph 10 of the CAC, which reflects that C&A, not Saratoga Lane purchased EPSA products from Defendants. (Doc. No. 1 ¶ 10). Consequently, Saratoga Lane's standing is derivative--based entirely on its status as "successor in interest to certain assets" of C&A. (Id.) Defendants maintain that the language is inadequate to assign Saratoga Lane any antitrust claim that belonged to C&A.[1] In response, DPPs argue that as a successor in interest,

---

[1]Defendants included exhibits to support their clarification of the facts surrounding the relationship between C&A and Saratoga Lane. Specifically, Defendants provide documents to establish that Saratoga Lane did not exist during the alleged class period (Doc. No. 19, Ex. 2, Illinois Secretary of State Corporation Database Report), that C&A declared bankruptcy and dissolved in 2007 (Doc. No. 19, Exs. B, C), and that DPPs filed the CAC nine years after the dissolution. These exhibits are not material to the resolution of Defendants' motion.

4

"Saratoga Lane stands in the shoes of C&A, and may fully exercise C&A's rights, including its rights to bring lawsuits in its place. (Doc. No. 23 at 5).

Although the Court agrees with the general legal proposition argued by DPPs, under longstanding legal authority, an antitrust claim transfers through an asset purchase only if it is assigned specifically. "[A]ny assignment of antitrust claims, as a matter of federal common law, must be an express assignment: general assignments, without specific reference to antitrust claim, cannot validly transfer the right to pursue those claims." Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 425, 440 (3d Cir. 1993). See also DNAML Pty. Ltd. v. Apple Inc., No. 13-cv-6516, 2015 WL 9077075 at *1 (S.D.N.Y. Dec. 16, 2015) (holding that the successor entity lacked standing to pursue antitrust claim when agreement transferring assets from the predecessor entity lacked assignment of antitrust claims). Accord Sullivan v. Nat'l Football League, 34 F.3d 1091, 1106 (1st Cir. 1994) (holding that the broad language used to transfer to the buyer "all other assets" in addition to "those specifically listed and those specifically excluded" would not encompass an antitrust cause of action).

DPPs concede that the CAC lacks any allegation that C&A assigned Saratoga Lane the right to bring an antitrust claim. They contend that such specificity is not required by the federal procedural rules, specifically Rule 9, Fed. R. Civ. P. The Court agrees that Rule 9, which contains a heightened pleading standard for plaintiffs advancing a claim of fraud, does not include a heightened pleading standard addressing the circumstances presented here. Further, the Court agrees that the sufficiency of the CAC must be assessed under the plausibility standard articulated in Twombly. However, the Court disagrees with DPPs' position that Paragraph 10 is sufficient to

5

establish Saratoga Lane's standing to bring a Section 1 Sherman Act claim.

Saratoga Lane rests its standing on the allegation that it acquired "certain assets" of C&A. Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, "'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Twombly, 550 U.S. at 555. "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997).

Here, Saratoga Lane lacks standing in the absence of a specific assignment of C&A's antitrust cause of action. No such assignment is alleged. Nor does an inference arise that such a specific assignment was made based on DPPs allegation that Saratoga Lane acquired certain assets. Consequently, the CAC lacks any suggestion that Saratoga Lane personally suffered a concrete and particularized antitrust injury, even read in the light most favorable to DPPs.

In light of the Court's finding that Saratoga Lane lacks standing, the Court declines to address Defendants' second ground for dismissal.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion is **GRANTED.**

**IT IS SO ORDERED**.

Date: July 14, 2017                    s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 14, 2017.

s/ Kay Doaks
Case Manager